**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SATURNINO PRADO, | ) | No. CV 11-8069-GHK(CW) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | AS SUCCESSIVE |
| v. | ) | |
| | ) | |
| UNITED STATES DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |
| —————————————————— | ) | |

Petitioner is a prisoner in state custody pursuant to a 2000 conviction in California Superior Court, Los Angeles County, Case No. BA195408. The present <u>pro se</u> petition apparently challenges the legality of his conviction.[1]  Petitioner has brought several prior

---

[1]  The present petition does not name a respondent or articulate any claims for relief.  Petitioner indicates on the form habeas petition only that he is attacking a conviction.  Attachments to the petition include, among other things, documents relating to Petitioner's prior habeas challenges, a statement to the state supreme court proclaiming his actual innocence, and documents relating to his involuntary medication while in custody.  The record in Petitioner's prior cases in this court properly identifies the court and case of conviction.

If Petitioner wants to bring a civil rights challenge to events relating to his treatment while in custody under 42 U.S.C. § 1983, his

1

federal habeas petitions that challenged the same conviction.  One of these petitions, <u>Prado v. Specter</u>, No. CV 05-4053-GHK(CW), was dismissed with prejudice, as untimely, in a judgment entered November 15, 2006.  Another petition was dismissed, without prejudice, as unexhausted.  <u>See</u> <u>Prado v. McGrath</u>, No. CV 04-456-GHK(CW)(dismissed).  Eight other petitions have been dismissed, without prejudice, as successive.  <u>See</u> <u>Prado v. Spector</u>, No. CV 07-2532-GHK(CW); <u>Prado v. Knowles</u>, No. CV 07-3355-GHK(CW); <u>Prado v. Warden</u>, No. CV 08-6909-GHK(CW); <u>Prado v. Warden</u>, No. CV 08-7458-GHK(CW); <u>Prado v. Altoon</u>, No. CV 10-2931-JHN(CW); <u>Prado v. Spector</u>, No. CV 10-7492-JHN(CW); <u>Prado v. U.S. District Court</u>, No. CV 10-9065-GHK(CW)(successive); and <u>Prado v. Unknown</u>, CV11-3789-GHK(CW)(successive).

**<u>DISCUSSION</u>**

A new habeas petition under 28 U.S.C. § 2254, which challenges the same state court judgment addressed in one or more prior § 2254 petitions, is a second or successive petition.  A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  The court of appeals may only authorize review of a second or successive petition in the district court if the petitioner "makes a prima facie showing [<u>to the court of appeals</u>] that the application satisfies the requirements of" 28 U.S.C. § 2244(b).  <u>See</u> 28 U.S.C. § 2244(b)(3)(C); <u>Felker v. Turpin</u>, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

complaint would be subject to the filing and screening requirements of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

1    The present petition is a second or successive petition under

2  § 2244(b)(3)(A) because it challenges the same state court judgment

3  challenged in a prior federal petition, and that prior petition was

4  dismissed with prejudice.  This court may not review a successive

5  petition unless the petitioner has first obtained the required order

6  from the United States Court of Appeals for the Ninth Circuit.  There

7  is no indication in the record that this petitioner has obtained such

8  an order.  Therefore, the present petition is subject to dismissal

9  without prejudice.[2]

10    Petitioner may file a new petition in this court if and only if

11  he first obtains authorization from the Ninth Circuit pursuant to 28

12  U.S.C. § 2244(b)(3)(A).[3]

13                              **ORDERS:**

14    1.    It is **ORDERED** that judgment be entered dismissing the

15  petition as successive.

16    2.    The clerk shall serve copies of this order and the judgment

17  herein on the petitioner.

18

19  DATED:   10/5/11

20

21                              _____

22                              GEORGE H. KING
                                United States District Judge

23

24  _____

25    [2]  A new petition is not subject to dismissal as successive under
    § 2244(b)(3)(A) based on a prior petition dismissed without prejudice
26  (e.g., for failure to exhaust state remedies).  In re Turner, 101 F.3d
    1323, 1323 (9th Cir. 1997).  The present petition is dismissed as
    successive to No. CV 05-4053 which was dismissed with prejudice.

27
    [3]  If Petitioner continues to file successive petitions, this
28  court will continue to dismiss them summarily.

                                   3

1   Presented by:

2   Dated: October 4, 2011

3

4   _____
        CARLA M. WOEHRLE
5   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4